Application granted. The Court waives any pre-motion conference requirement, grants Defendants Frankel and Klein leave to file a motion to dismiss, and sets the following briefing schedule: Defendants' motion to dismiss shall be served and filed by September 3, 2026; Plaintiff's opposition shall be served and filed by October 15, 2026; and Defendants' reply, if any, shall be served and filed by October 29, 2026.

The Clerk of Court is respectfully directed to terminate the letter motion pending at Doc. 16 and mail a copy of this Order to Defendants Frankel and Klein at 4 Horizon Court, Apt. 304, Monsey, New York 10952.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
July 23, 2026

Jacob Frankel
Sheindl Klein
4 Horizon Court, Apt. 304
Monsey, New York 10952
zfrankl9236@gmail.com
Defendants Pro Se

July 16, 2026

VIA EMAIL TO THE PRO SE INTAKE

Honorable Philip M. Halpern
United States District Judge
Hon. Charles L. Brieant Jr. Federal Buildi
300 Quarropas Street, Room 530
White Plains, New York 10601

**Re:** ***Kleinman v. Frankel, et al.*, No. 7:26-cv-04899-PMH**
**Pre-Motion Letter of Defendants Jacob Frankel and Sheindl Klein for Anticipated Motion to Dismiss Under Fed. R. Civ. P. 12(b)(5) and 12(b)(2)**

Dear Judge Halpern:

We are the defendants Jacob Frankel and Sheindl Klein, appearing pro se. Pursuant to Rules 2(C) and 4(C)(iii) of Your Honor's Individual Practices, we respectfully submit this pre-motion letter for our anticipated joint motion to dismiss the complaint as against each of us under Fed. R. Civ. P. 12(b)(5) and 12(b)(2). The motion rests on three independent grounds, each sufficient by itself, and each established by the Rockland County Sheriff's own Certificates of Service (ECF Nos. 13, 14):

(i) every one of the five service attempts was made on a weekday, four of the five within a three-hour midday band, with no weekend, early-morning, or late-evening attempt;

(ii) neither Certificate reflects a single inquiry into either defendant's whereabouts or place of employment, an affirmative element plaintiff must prove; and

(iii) as to Ms. Klein, the papers were affixed at her "last known address," a location C.P.L.R. 308(4) does not permit.

Defendants accept every fact the Deputy Sheriff swore to; those facts are legally insufficient. No traverse hearing or credibility determination is required. We understand that transmittal of this letter stays our time to answer or move until further order of the Court. Individual Practices Rule 4(C)(iii). The letter required by Rule 4(C)(ii) has been served on plaintiff

concurrently; because the outer date to respond to the complaint may arguably fall as early as today, we file now to avoid any loss of rights, and without waiver of any Rule 12 defense.

**Standard of Review and Burden of Proof**

On a Rule 12(b)(5) motion, once the sufficiency of service is challenged, the plaintiff bears the burden of proving that service was valid. *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005); *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010). Plaintiff elected to serve under Rule 4(e)(1) by New York's "nail and mail" method, C.P.L.R. 308(4), a disfavored, last-resort device available only where personal delivery under C.P.L.R. 308(1) and (2) "cannot be made with due diligence." That prerequisite "must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received," and due diligence is measured "not on the quantity of the attempts at personal delivery, but on their quality." *McSorley v. Spear*, 50 A.D.3d 652, 653 (2d Dep't 2008); *accord Ramirez v. Escobar*, 228 A.D.3d 791, 792 (2d Dep't 2024); *Serraro v. Staropoli*, 94 A.D.3d 1083, 1084 (2d Dep't 2012). Service that fails these requirements is a nullity, and without valid service this Court acquires no personal jurisdiction, even where the defendant has actual notice of the action: "notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court." *Feinstein v. Bergner*, 48 N.Y.2d 234, 241 (1979).

**Point I: Five Weekday-Only Attempts Are Quantity Without Quality**

Each Certificate recites the same five attempts, at the same address, identical to the minute: Tuesday, June 16 at 7:00 p.m.; Wednesday, June 17 at 12:35 p.m.; Thursday, June 18 at 12:15 p.m.; Monday, June 22 at 2:35 p.m.; and Tuesday, June 23 at 11:35 a.m. Not one attempt was made on a weekend, in the early morning, or in the later evening. The Court of Appeals and the Second Department hold that precisely this pattern defeats due diligence, regardless of the number of visits: due diligence is lacking where all attempts were "made on weekdays during hours when it reasonably could have been expected that [the defendant] was either working or in transit to work." *County of Nassau v. Letosky*, 34 A.D.3d 414, 415 (2d Dep't 2006); *see Barnes v. City of New York*,

51 N.Y.2d 906, 907 (1980); *Earle v. Valente*, 302 A.D.2d 353, 354 (2d Dep't 2003); *O'Connell v. Post*, 27 A.D.3d 630, 631 (2d Dep't 2006). The lone 7:00 p.m. attempt on the very first visit does not supply the variation the statute demands. The decisions sustaining 308(4) service illustrate what compliance looks like, and it looks nothing like this record: attempts spread across "a late weekday evening, an early weekday morning, a weekend evening, and a weekday afternoon," *Wilmington Trust Co. v. Gewirtz*, 193 A.D.3d 1110, 1112 (2d Dep't 2021), or an early weekday morning combined with a midday Saturday, *JPMorgan Chase Bank, N.A. v. Szajna*, 72 A.D.3d 902, 903 (2d Dep't 2010). Weekends and early mornings exist; the Deputy Sheriff used neither.

**<u>Point II: The Certificates Reflect No Inquiry Into Whereabouts or Employment</u>**

To satisfy due diligence, "it must be shown that the process server made genuine inquiries about the defendant's whereabouts and place of employment." *Estate of Waterman v. Jones*, 46 A.D.3d 63, 66 (2d Dep't 2007); *accord Faruk v. Dawn*, 162 A.D.3d 744, 745–46 (2d Dep't 2018); *Serraro*, 94 A.D.3d at 1085. The Second Department applied that rule to invalidate 308(4) service as recently as eight weeks ago, *Castro v. Castro*, 2026 N.Y. Slip Op. 03287 (2d Dep't May 27, 2026), and repeatedly before that. *Sams Distribs., LLC v. Friedman*, 235 A.D.3d 1021, 1023 (2d Dep't 2025); *Niebling v. Pioreck*, 222 A.D.3d 873, 875 (2d Dep't 2023). The federal courts of this Circuit apply the same rule: visits to a residence "do not qualify as due diligence" absent an attempt to ascertain the defendant's employment. *Allstate Ins. Co. v. Rozenberg*, 771 F. Supp. 2d 254, 261 (E.D.N.Y. 2011). Here the Certificates recite no inquiry of neighbors or building occupants, no effort to ascertain a workplace, and no investigation of either defendant's whereabouts: nothing but five trips to one door. The minute-for-minute identity of the two Certificates (affixation at 11:16 a.m. for Mr. Frankel and 11:19 a.m. for Ms. Klein) confirms that a single set of visits was recycled for two different defendants, with no individualized effort to locate and serve Ms. Klein at all.

**<u>Point III: The Affixation Locations Fail the Statute</u>**

C.P.L.R. 308(4) authorizes affixation only "to the door of either the actual place of business, dwelling place or usual place of abode" of the defendant. As to Ms. Klein, ECF No. 14

recites affixation at what "is to be the last known address of the Defendant." That recital fails the statute twice over: a "last known" location is not an "actual" one, and a mere "address" is not even a "residence." The Court of Appeals has squarely held that a defendant's last known residence and her "dwelling place or usual place of abode" are distinct concepts that "may not be equated," and that service directed to a last known location is jurisdictionally defective, a defect that even actual receipt of the papers cannot cure. *Feinstein*, 48 N.Y.2d at 239–41. The Sheriff's own sworn Certificate thus negates a statutory element of the service on Ms. Klein; nothing more is needed to grant the motion as to her. As to Mr. Frankel, the parallel recital that the address "is to be the actual residence" is conclusory, identifying no inquiry, observation, or source verifying that the premises were in fact his dwelling place at the time of the affixing, a further deficiency where resort to 308(4) must be strictly justified and the burden of proof rests with plaintiff.

**<u>Relief Requested</u>**

The attempted service on both defendants is a nullity. We respectfully request a pre-motion conference, or leave to file the motion on a schedule the Court directs, seeking dismissal of the complaint as against both defendants under Rules 12(b)(5) and 12(b)(2) or, in the alternative, an order quashing service. We understand the Court may, in its discretion, waive the conference in pro se cases and may construe this letter as the motion itself, Individual Practices Rule 2(C); we are prepared to proceed either way, and all grounds stated herein are asserted for that purpose. We thank the Court for its consideration.

Respectfully submitted,

/s/ Jacob Frankel
Jacob Frankel
Defendant Pro Se
zfrankl9236@gmail.com

/s/ Sheindl Klein
Sheindl Klein
Defendant Pro Se

cc: Abraham Kleinman, Plaintiff (via email: Kleinmanabraham@gmail.com, and first-class mail)