# EXHIBIT A

Proposed Response to Defendants Frankel and Klein's
Letter at ECF No. 55

**Abraham Kleinman**
407 Lincoln Rd, Suite 6H-1752
Miami Beach, Florida 33139

August 19, 2026

**VIA ECF**
The Honorable Philip M. Halpern
United States District Judge
Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street, Room 530
White Plains, New York 10601

Re: *Kleinman v. Frankel, et al.*, No. 7:26-cv-04899 (PMH)(AEK)
**Response to Defendants Frankel and Klein's Letter at ECF No. 55**

Dear Judge Halpern:

Plaintiff writes briefly because the docket itself answers the letter at ECF No. 55, and because that letter asks the Court for relief it should not grant.

Service. The premise of ECF No. 55, repeated five times, is that the Amended Complaint "remains unserved." It was served on August 7, 2026, the day the Court fixed, by first-class mail in separate envelopes to each Defendant, and service by mail is complete upon mailing. Fed. R. Civ. P. 5(b)(2)(C). The certificates of service are on the docket (ECF Nos. 52, 53), together with proof of service of the summons and Amended Complaint on Defendant Congregation Oseh Choyil Inc. (ECF No. 54). Defendants' own letters concede they have the pleading (ECF Nos. 46, 47). Their request that deadlines be measured from "actual service" asks the Court to substitute their unsworn claims of non-receipt for the rule's measure of service, from defendants whose papers continue to direct Plaintiff's mail as they choose: their filings before Judge Karas swore service on Plaintiff at an address they knew was superseded, while the certificate annexed to ECF No. 55 shows they know and use the current one.

The "three fora." Defendants tell the Court Plaintiff "has litigated that dispute in three fora at once." The record is the reverse. Plaintiff has two actions: the state rent action for the $11,500.00

Defendants took, which was in active discovery, and this separate action, which expressly disclaims recovery of that rent. (FAC ¶ 2.) The third forum exists because Defendants removed the state action, on their own sworn allegations of complete diversity, six months after they were served in it. That removed case is pending before Judge Karas, where Plaintiff seeks remand and the maximum costs and sanctions available; it has no bearing here. Defendants created the third forum and now cite its existence as Plaintiff's misconduct.

The state-court filings. Defendants describe Plaintiff's state filings after July 29, 2026 as harassment that "could obtain nothing." Those filings are a motion to vacate a discontinuance entered by a clerk's notice at 4:44 p.m. on July 29, at a time when no notice of removal had been filed in any federal court; Defendants' own receipt shows the removal filing fee was paid on July 30, 2026 at 2:18 p.m. The notice also cancelled the status appearance the state judge had ordered from the bench that same morning. Defendants have responded to none of it.

The reliability of Defendants' papers. ECF No. 55 bears this Court's stamp "Filed 08/17/26." It is dated August 18, 2026, and its certificate of service certifies that service was made "on August 18, 2026" by first-class mail, executed August 18, 2026. A certificate filed on August 17 cannot truthfully certify a mailing made on August 18. It is the third service paper from these Defendants that does not withstand reading: the certificate at ECF No. 31 swearing to service of a paper never received; the declaration of Shea Liefer annexed to their removal, unsigned and sworn to an address they knew was superseded; and now a certificate executed before the event it certifies. Plaintiff has this day served upon Defendants Frankel and Klein, and has not filed, a motion under Fed. R. Civ. P. 11(c)(2) addressed to that certificate; no Rule 11 relief is sought by this letter. The Court may also note that ECF No. 55, a fully cited and formatted response, was submitted the same day ECF No. 49 appeared on the docket, hours after its filing, by Defendants who have twice told this Court they have "no PACER or ECF access" (ECF Nos. 46, 47).

Finally, Defendants' equation of the parties' signatures conflates two different statuses: Plaintiff is a registered Filing User of this Court (ECF No. 19) whose submissions are made and authenticated through his own account. Upon information and belief, Defendants' submissions are prepared with undisclosed professional or automated drafting assistance, and Plaintiff stands ready to present evidence on that subject at the conference he has requested.

The request for "direction" on Plaintiff's filings. ECF No. 55 closes by inviting the Court to give "direction as to the number, sequence, or timing" of Plaintiff's submissions. That is an application to restrict a litigant's filings, made without motion, notice, or any showing. Plaintiff's filings in this Court have been made as ordered (the Amended Complaint, per ECF No. 39) or in response to Defendants' own applications. The invitation should be declined.

Plaintiff requests nothing beyond denial of the requests in ECF No. 55, and renews his request for a conference. Plaintiff thanks the Court for its consideration.

Respectfully submitted,

/s/ abraham kleinman
Abraham Kleinman, Plaintiff

cc: All defendants (via ECF; and by first-class mail to Jacob Frankel and Sheindl Klein, 4 Horizon Court, Apt. 304, Monsey, New York 10952)