**Abraham Kleinman**
407 Lincoln Rd, Suite 6H-1752
Miami Beach, Florida 33139

August 26, 2026

**VIA ECF**
The Honorable Philip M. Halpern
United States District Judge
Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street, Room 530 White Plains, New York 10601

Re: *Kleinman v. Frankel, et al.*, No. 7:26-cv-04899 (PMH)(AEK)
**Opposition to Defendant Hurwitz's Pre-Motion Letter (ECF No. 57)**

Dear Judge Halpern:

Plaintiff responds under Rule 2(C) of Your Honor's Individual Practices to Defendant Hurwitz's pre-motion letter (ECF No. 57). On a Rule 12(b)(6) motion the complaint's allegations are accepted as true with all inferences drawn for the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Two of the letter's central assertions are refuted by the four corners of the pleading it attacks, and the balance rests on authority that is mischaracterized or does not say what the letter claims.

**The pleading the letter did not read.** First, the letter asserts that Plaintiff "has not alleged that the alleged RICO enterprise engaged in interstate or foreign commerce ... nor could there be any evidence" of it. The Amended Complaint alleges it expressly and in four enumerated particulars: interstate electronic transmissions in furtherance of the Enterprise; property with the capacity to move in and affect interstate commerce; the Enterprise's conduct of its affairs through interstate banking facilities; and a Florida victim whose injury crossed state lines. (FAC ¶ 170.) Defendant Hurwitz made the identical assertion against the original complaint (ECF No. 17); it was wrong then and is wrong now. Second, the letter condemns "[a] demand exceeding thirty million dollars." The Amended Complaint's prayer demands no dollar figure at all; every count seeks

damages "in an amount to be determined at trial." The letter argues against a pleading other than the one on file.

**There is no "societal harm" element.** The letter's lead theory, drawn from *Gross v. Waywell*, 628 F. Supp. 2d 475 (S.D.N.Y. 2009), is that RICO requires "harm to significant public processes or institutions." No such element exists. The quoted passage is one district judge's reading ("[a]s this Court reads RICO's text"), announced in a statistical essay, never adopted by the Second Circuit, and foreclosed by the Supreme Court: "RICO is to be read broadly," *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497-98 (1985), and "the fact that RICO has been applied in situations not expressly anticipated by Congress does not demonstrate ambiguity. It demonstrates breadth," *id.* at 499. If confining the statute to mobsters is desirable, "its correction must lie with Congress." *Id.*

**Interstate commerce requires only a minimal effect.** "The law in this Circuit does not require RICO plaintiffs to show more than a minimal effect on interstate commerce." *DeFalco v. Bernas*, 244 F.3d 286, 309 (2d Cir. 2001) (a single extortion-induced breach of an $8,800 contract with an out-of-state company sufficed); *accord First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159 (2d Cir. 2004). The letter's own authority, *Moore v. Guesno*, 485 F. Supp. 2d 300, 309 (W.D.N.Y. 2007), dismissed a complaint that alleged no interstate impact whatever, citing *DeFalco* for the same minimal-effect standard the Amended Complaint satisfies at ¶ 170.

**Continuity is pleaded as open-ended.** The two-year benchmark of *Cofacredit* and *Spool* measures closed-ended continuity; the Amended Complaint pleads open-ended continuity, which requires no duration: a threat of continuing criminal conduct. *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 241-42 (1989) (a single scheme is not disqualifying); *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 242-44 (2d Cir. 1999). The FAC pleads nine predicate acts across

eight months, escalation through the present, multiple victims including two non-party witnesses, and a method, false reports to law enforcement deployed as leverage, that is a standing capability; the extortionate retention continues until the property is surrendered. *GICC*'s scheme expired with a completed transaction; this one has not ended, by Defendants' own conduct.

Injury and causation are pleaded, and narrowly. The Amended Complaint does not claim the $11,500.00 as RICO damages; it expressly disclaims that recovery. (FAC ¶ 2.) It claims the out-of-pocket costs the racketeering itself inflicted: investigation and records-procurement costs caused by false criminal reports, travel for a deposition Defendants disrupted, and witness-relation harm from tampering. Such expenses are ripe and recoverable now. *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1105-06 (2d Cir. 1988). Causation under *Holmes* and *Anza* is direct: each expense flows from an identified predicate act, not from the rent claim's merits, and the letter's observation that the debt predates the police reports concedes the point: the reports were not billing disputes but leverage.

**The predicates stand.** Attempts and threats qualify under 18 U.S.C. § 1961(1)(A) ("act or threat involving ... extortion"), and each pleaded attempt targeted a claim exceeding $3,000, chargeable as attempted grand larceny in the third degree by extortion, an E felony. N.Y. Penal Law §§ 110.00, 155.35, 155.05(2)(e). *Scheidler* and *Sekhar* address property an extortionist cannot obtain; a creditor's claim and its release are obtainable, transferable property under New York law, N.Y. Penal Law § 155.00(1) ("thing in action"), § 155.00(2); *People v. Spatarella*, 34 N.Y.2d 157 (1974). Two predicates are federal and untouched by any state-grading argument: wire fraud, 18 U.S.C. § 1343, and witness tampering, 18 U.S.C. § 1512(b), (d). As for *Kim v. Kimm*, 884 F.3d 98 (2d Cir. 2018), the letter recasts it: *Kim* says nothing about reports to law enforcement. Its holding is express and narrow: "where, as here, a plaintiff alleges that a defendant engaged in a single frivolous, fraudulent, or baseless lawsuit, such litigation activity

alone cannot constitute a viable RICO predicate act." *Id.* at 105 (declining to hold all litigation-related RICO actions meritless and distinguishing schemes involving "a variety of other out-of-court actions"). Every predicate here is extra-judicial, and the Amended Complaint expressly disclaims litigation acts as predicates. (FAC ¶ 93.)

**Standing is pleaded;** the lease attack is a fact brawl. Plaintiff pleads a master lease with an express right to sublease, possession, and the sublease under which Defendants paid $6,500.00 and occupied the premises. A tenant with subletting authority is a person lawfully in possession entitled to the sublease rents; the "owner" quibble ignores that the pleading alleges ownership or lawful possession in the alternative. The letter's speculations about the lease's terms, signatures, and the landlord's September 2025 demand, a document Defendants themselves produced, which corroborates the sublease economics, are quintessential fact disputes, unavailable on Rule 12(b)(6), where the complaint's allegations control. *Iqbal*, 556 U.S. at 678.

The "forum shopping" and citizenship points are recycled and self-refuting. This action arises under federal law; subject-matter jurisdiction rests primarily on 28 U.S.C. § 1331, which requires no diversity at all. (FAC ¶ 22.) Diversity is pleaded in the alternative, and Defendants Frankel and Klein themselves removed the state action to this District expressly "on the basis of complete diversity of citizenship between Plaintiff and all Defendants." (No. 7:26-cv-06517, ECF No. 1, at 1.) As for 400 Rella Boulevard, Defendant Hurwitz told this Court it is "a commercial office building and not a home" (ECF No. 17, at 4): a mailing address at an office building he says nobody lives in is not a domicile, and it contradicts nothing.

The Judiciary Law § 487 count is pleaded as deceit, not argument. *Bill Birds* excludes "nonmeritorious legal arguments" while reaffirming that § 487 reaches an attorney "guilty of any deceit or collusion ... with intent to deceive the court or any party," with treble damages. 35 N.Y.3d 173, 178-80 (2020); *Amalfitano v. Rosenberg*, 12 N.Y.3d 8, 15 (2009) (attempted deceit

actionable). Count XVIII pleads specific false statements of fact and acts of deception directed at courts and parties, with scienter, causation, and pleaded damages, satisfying *Langton v. Sussman & Watkins*, 238 A.D.3d 726, 730 (2d Dept 2025). Finally, *Goris v. Deloitte*, an employment-discrimination case, holds only that supplemental jurisdiction may be declined after federal claims fail; the federal claims do not fail, and § 1332 jurisdiction, which Defendants have sworn exists, is not subject to being "declined."

Leave to move should be denied or, if the Court construes the letters as the motion, the motion should be denied; in the alternative, Plaintiff renews his request for a pre-motion conference. Plaintiff thanks the Court for its consideration.

Respectfully submitted,

/s/ abraham kleinman
Abraham Kleinman, Plaintiff

cc: All defendants (via ECF; and by first-class mail to Jacob Frankel and Sheindl Klein, 4 Horizon Court, Apt. 304, Monsey, New York 10952)